FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 19 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DARRIONNE LAMARTZ and ROBERT BASS, Each Individually and on Behalf of All Others Similarly Situated**    PLAINTIFFS

vs.    No. 4:18-cv-936-JM

**PPG INDUSTRIES, INC.**    DEFENDANT

This case assigned to District Judge Moody
and to Magistrate Judge Ray

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Darrionne Lamartz and Robert Bass ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action against Defendant PPG Industries, Inc. ("Defendant"), they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a class action and a collective action brought by Plaintiffs Darrionne Lamartz and Robert Bass, individually and on behalf of all others similarly situated, against Defendant PPG Industries, Inc., for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiffs bring this action under the FLSA and the AMWA, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs

and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

### III. THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiffs are residents and citizens of Pulaski County.

13. Lamartz has been employed by Defendant as a shipping clerk since around 2013 and continuing through the three years prior to the filing of this lawsuit.

14. Bass has been employed by Defendant as a material handler since around July of 2013 and continuing through the three years prior to the filing of this lawsuit.

15. At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

16. Defendant PPG Industries, Inc., is a foreign for-profit corporation, registered and licensed to do business in the State of Arkansas.

17. Defendant's registered agent for service of process in Arkansas is The Prentice-Hall Corporation System, Arkansas, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

18. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

19. Defendant is a leading supplier of paints, coatings, optical products, and specialty materials to customers around the world.

20. Defendant operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

21. During the time period relevant to this case, Plaintiffs were employed at Defendant's manufacturing facility in Alexander.

22. Defendant has employees engaged in interstate commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for interstate commerce by others, such as raw material used to manufacture paints, coatings, and optical products.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

24. Defendant has control over employees and exercises authority over Plaintiffs and other employees, sets the pay policy applicable to Plaintiffs and other employees and controls the work schedule of Plaintiffs and other employees.

25. At all times relevant to this Complaint, Defendant employed more than four employees.

### IV.   FACTUAL ALLEGATIONS

26. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

27. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as hourly-paid or salaried non-exempt employees.

28. Plaintiffs and other employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

29. Lamartz was employed by Defendant as a shipping clerk.

30. Lamartz's primary job duties included processing and printing orders and processing invoices.

31. Lamartz typically worked between 43 and 45 hours per week.

32. Lamartz was required to clock in and out.

33. Defendant classified Lamartz and other employees as salaried non-exempt employees and paid them a salary.

34. Lamartz and other salaried non-exempt employees were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

35. In addition, Defendant paid Lamartz and other salaried non-exempt employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

36. Defendant did not include the bonuses and cash awards paid to Lamartz and other salaried non-exempt employees in their rates of pay when calculating overtime pay.

37. Plaintiff Bass was employed by Defendant as a material handler.

38. Bass's primary job duties included filling orders, loading and unloading, controlling inventory and restocking.

39. Bass typically worked between 45 and 50 hours per week.

40. Bass was required to clock in and out.

41. Defendant classified Bass and other employees as hourly employees and paid them an hourly rate.

42. Plaintiff Bass and other hourly employees were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

43. In addition, Defendant paid Bass and other hourly employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

44. Defendant did not include the bonuses and cash awards paid to Bass and other hourly employees in their rates of pay when calculating their overtime pay.

45. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

46. Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiffs and other salaried non-exempt and hourly employees in their regular rate when calculating their overtime pay.

47. Plaintiffs worked for Defendant at Defendant's facility in Alexander (hereinafter the "Alexander facility") and Defendant's pay practices were the same for all salaried non-exempt and hourly-paid employees at the Alexander facility.

48. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

49. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other salaried non-exempt and hourly employees violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

50. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

51. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52. Plaintiffs bring their FLSA claims on behalf of all salaried non-exempt and hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

53. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

54. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They recorded their time in the same manner; and

C. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

55. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds forty (40) persons.

56. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

B. **AMWA Rule 23 Class**

57. Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. Plaintiffs propose to represent the class of salaried non-exempt and hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

59. Common questions of law and fact relate to all members of the proposed class, such as whether as a result of Defendant's failure to include non-discretionary bonuses in its calculation of overtime pay, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

60. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

61. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

62. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds forty (40) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

63. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

64. Concentrating the litigation in this forum is highly desirable because Defendant's Alexander facility is based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

65. No difficulties are likely to be encountered in the management of this class action.

66. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as salaried non-exempt or hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

67. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

68. Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

69. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

70. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

71. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

72. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs in their regular rate when calculating their overtime pay.

73. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

76. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

77. Plaintiffs bring this collective action on behalf of all salaried non-exempt and hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

78. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

79. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

80. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

81. In the past three years, Defendant has employed many salaried non-exempt and hourly-paid employees.

82. Like Plaintiffs, these employees regularly worked more than forty (40) hours in a week.

83. Defendant failed to pay these workers at the proper overtime rate.

84. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **All salaried non-exempt and hourly-paid employees to whom, within the three years preceding the filing of this Complaint, Defendant paid an award or bonus which was attributable, at least in part, to at least one week in which the employee worked more than forty hours.**

85. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

86. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly

situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

87. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

88. Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated in this section.

89. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

90. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

91. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

92. Defendant failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

93. Defendant's failure to include non-discretionary bonuses in Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

94.   Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

95.   By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

96.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

97.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

98.   Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

99.   At all relevant times, Defendant has been, and continues to be, "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

100.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty

(40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

101. Defendant failed to pay Plaintiffs and members of the proposed class all overtime wages owed, as required under the AMWA.

102. Defendant's failure to include non-discretionary bonuses in Plaintiffs' and members of the proposed class's overtime pay resulted in a failure to pay Plaintiffs and members of the proposed class full and complete overtime during weeks in which Plaintiffs and members of the proposed class worked more than forty (40) hours.

103. Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **All salaried non-exempt and hourly-paid Arkansas employees to whom, within the three years preceding the filing of this Complaint, Defendant paid an award or bonus which was attributable, at least in part, to at least one week in which the employee worked more than forty hours.**

104. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

105. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

106. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA,

Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Darrionne Lamartz and Robert Bass respectfully pray that Defendant be summoned to appear and to answer herein as follows:

(A)   That Defendant be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B)   A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)   A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)   Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DARRIONNE LAMARTZ and ROBERT BASS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com